(Hamilton County Common Pleas.)
March, 1896.

MOCKER et al. v. CITY OF CINCINNATI.

In determining whether the owners of three-fourth of the feet fronting on a street the improvement of which is petitioned for, have signed the petition, corner lots are calculated at the full length at which they bound on the street, and not merely at the number of feet for which they can be assessed under the Haviland case.

---

SAYLER, J.
Powers street was improved from Edgewood avenue to Sylvan street.

A petition for said improvement was presented to the board of public works, as follows:

"We, the undersigned, owners of three-fourths of the property represented by the feet front abutting upon Powers street, between Van Horn street (Edgewood avenue) and Sylvan street, hereby petition your honorable body for the improvement of said street between points aforesaid, by grading, etc., * * * and for an assessment for the whole cost of such improvement," etc.

The owners of lots 176, 177 and 225, signed the petition with the words: "120 ft. Margaret R. Poor's Sub." written opposite each signature. The owner of lot 224, did not sign the petition.

The plaintiffs are the owners of lots 177 and 225. They aver that there was not a petition subscribed by three-fourths in interest of the owners of property abutting upon said improvement between said termini presented to the board, and that the assessment exceeds twenty-five per cent. of the value of the lots, and they ask that the collection of the excess be enjoined.

The contention of the plaintiffs is, that under sec. 2272, the petition shall be "subscribed by three-fourths in interest of the owners of property abutting upon" the street. That three-fourths in interest means that proportion of the assessable front of the lots; not that proportion of the number of feet the lots abut on the street; that under the Haviland case (50 Ohio St., 471), lots 177 and 224 are assessable on 27.40 feet each; lots 176 and 225 on 25 feet each; that is, there is a total assessable front of 104.80 feet; that the subscribers of the petition represented 27.40 plus 25, plus 25, equal to 77.40 feet, which is not three-fourths of 104.80 feet.

That is, it is claimed under sec. 2272, "three-fourths in interest" has reference to the quantity of interest represented by the signatures, and which can only be determined by the assessments to be borne; and as a corner lot is assessable on its breadth wise front, that front is to be the measure of the "interest" of the owner.

By the Haviland decision, the generally accepted construction of sec. 2264, was very materially changed. Because a lot lying lengthwise on an improvement is assessed by the "foot front" it shall be deemed or regarded as fronting breadthwise on the improvement, so that the assessment shall be equalized. The court says, this is assessing according to a fiction, and it is clear that the court

is of the opinion that this process does not equalize assessments, but simply tends to equalize them.

This process of reasoning is made applicable to section 2264, and by repeated decisions has become a settled law of the state.

Possibly the supreme court, following the logic of the Haviland case, will give a construction to sec.2272, as claimed by the plaintiffs, but I am not sufficiently satisfied with the reason of that case to extend its operation.

I think it is safer for this court to abide by the construction so long given to that section, till it is changed by a higher court.

If the contention of the plaintiffs is correct, then, when the assessment is to be on adjacent and contiguous or either benefited lots, in proportion to the benefits, it would not be known whether there was a three-fourths petition till the requisites of sec. 2277, are complied with and that certainly was not the purpose of the law. The city authorities should know whether there is a three-fourths petition before the proceedings are taken, or improvement made.

I think the abutting feet must determine the question of a three-fourths petition.

I think there is a three-fourths petition in this case.

I can find no authority under which the court can make a new assessment, or do its equivalent—calculate what a new assessment would amount to and require plaintiffs to pay that sum. The court say in 3 C. C., 494: "When the valid portion of an assessment can be ascertained, a court of equity will enjoin the collection of the illegal portion only upon the condition that the valid portion be paid." But I do not understand that the court in that case made a new assessment; it simply determined the number of feet to which the assessment was legal, and ordered that amount paid into court, and I understand the decision in 10 C. C., 81, is to the same effect.

I think the right given in sec. 2290, to the council to order a re-assessment precludes the court from making an assessment.

The collection of the assessment will be enjoined, but without prejudice to the right of the city to make a re-assessment and collect the same according to law.

Theodore Horstman, Attorney for Plaintiffs.

Frank Dinsmore, Attorney for Defendant.